**Elpidio VALLE (a.k.a. Jose Carrera), Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72049.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 13, 2005.

Elpidio Valle, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Esq., M. Jocelyn Wright, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

## MEMORANDUM **

Elpidio Valle (a.k.a. Jose Carrera), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of his motion to reopen removal proceedings held in absentia. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Where, as here, the BIA adopts the IJ's findings and conclusions and provides reasons of its own, we review both decisions. *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir. 2000). We review the denial of a motion to reopen for abuse of discretion, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), and review factual findings for substantial evidence, *Kamalthas v. INS,* 251 F.3d 1279, 1281 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The agency did not abuse its discretion in determining that the unsigned note from a medical clinic and the affidavit Valle submitted with his motion to reopen failed to demonstrate Valle suffered from a serious illness sufficient to establish exceptional circumstances for failing to appear at his removal hearing. *See Celis-Castellano,* 298 F.3d at 891–92 (explaining that the agency's factual finding "must stand unless the record *compels* reversal") (emphasis in original). Accordingly, the agency did not abuse its discretion in denying Valle's motion to reopen. *See id.* at 892.

Furthermore, the BIA did not abuse its discretion in declining to consider the new evidence Valle submitted on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv)("the [BIA] will not engage in factfinding in the course of deciding an appeal.").

We lack jurisdiction to consider Valle's contention that the agency improperly ordered him removed to Mexico because he did not exhaust this argument before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

We grant Valle's motion for late filing of the reply brief. The clerk shall file the brief received on May 31, 2005.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**